UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY WILBOURN, )<br>)<br>Petitioner )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:04-CV-474 RM<br>Arising from 3:01-CR-00064(01)RM |

<u>OPINION AND ORDER</u>

Anthony Wilbourn petitions the court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In separate motions Mr. Wilbourn also asks the court to appoint counsel for him, provide him with or allow him to purchase copies of transcripts and other documents, and give him a hearing on his underlying habeas petition to vacate or set aside his sentence. The government has filed its written response opposing Mr. Wilbourn's petition. A hearing is required only if the facts alleged by the petitioner would entitle him to some relief. <u>Hall v. United States</u>, 371 F.3d 969, 972 (7th Cir. 2004). For the reasons that follow the court finds that no hearing is necessary and that Mr. Wilbourn is not entitled to the relief he requests, and so denies his petition and related motions.

The grand jury returned a two-count indictment against Mr. Wilbourn and two co-defendants for armed bank robbery and brandishing a firearm in furtherance of a crime of violence. His two co-defendants pleaded guilty and testified against Mr. Wilbourn at trial. The jury returned guilty verdicts on both counts. Mr. Wilbourn says his constitutional rights were violated in four distinct

ways. Although he does not always identify which of his rights were allegedly violated, the court understands his claims as follows: (1) ineffective assistance of trial counsel in violation of the Sixth Amendment, (2) ineffective assistance of appellate counsel in violation of the Sixth Amendment, (3) prosecutorial misconduct by omitting an essential element of the charges against him from the indictment, and by making inflammatory statements about his co-defendants' guilt during opening statement, all in violation of his Fifth Amendment right to due process and equal protection of the law, and (4) the vagueness of the sentencing guidelines' "career offender" provisions, U.S.S.G. §§ 4B1.1-2, which the court construes as a claim for a violation of Mr. Wilbourn's Fifth Amendment due process rights.

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defence." U.S. CONST. amend. VI. An attorney must not only be present with a criminal defendant at his trial, but must assist the defendant in a way that ensures the trial is fair. Strickland v. Washington, 466 U.S. 668, 685 (1984). A fair trial is one in which the adversarial process functions properly to produce a just result. Id., at 686. To prevail on an ineffective assistance of counsel claim a petitioner must prove the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. at 687.

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland v. Washington, 466 U.S. at 697. The Supreme Court gave the following guidance: "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland v. Washington, 466 U.S. at 697.

Mr. Wilbourn says his trial counsel was ineffective because he did not object to the sufficiency of the indictment. Count I of the indictment stated the following:

> On or about January 18, 2000, in the Northern District of Indiana, **ANTHONY WILBOURN, ROBERT WILLIS, and JOSEPH NEWBILL**, defendants herein, did by force, violence, and intimidation take from the person or presence of another money belonging to and in the care, custody, control, management, and possession of Community Wide Federal Credit Union, 121 W. Ireland Rd., South Bend, Indiana, a Federal credit union, and in committing such offense did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is, a handgun. In violation of Title 18, United States Code, Sections 2113(a), 2113(d), and 2.

Count II of the indictment contained these further charges:

> On or about January 18, 2000, in the Northern District of Indiana, **ANTHONY WILBOURN, ROBERT WILLIS, And JOSEPH NEWBILL**, defendants herein, did knowingly carry and brandish a firearm during and in relation to a crime of violence, specifically, an armed

3

bank robbery in violation of Title 18, United States Code, Sections 2113(a) and 2113(d). In violation of Title 18, United States Code, Sections 924(c) and 2.

Mr. Wilbourn contends the indictment was insufficient because it didn't charge all of the essential elements of the counts against him. First, he says, the indictment included neither the word "aid" nor "abet" so it didn't properly charge him with violating 18 U.S.C. § 2. This argument cannot succeed because "[i]t is unnecessary that an indictment specifically charge aiding or abetting." United States v. Moore, 936 F.2d 1508, 1526 (7th Cir. 1991). "Moreover, because aiding and abetting does not constitute a separate crime, all indictments are to be read as if the alternative provided by the aiding and abetting statue, 18 U.S.C. § 2, is included therein." Id., at 1527 (*quoting* United States v. Ruiz, 932 F.2d 1174, 1180 (7th Cir. 1991) (quotation and citation omitted)).

Here, although the indictment didn't use the words "aid" or "abet", the government specifically charged Mr. Wilbourn with violating 18 U.S.C. § 2 in both Counts 1 and 2. By citing the aiding and abetting statute, 18 U.S.C. § 2, in both counts of the indictment, the government gave Mr. Wilbourn more notice of the aiding and abetting charges than the law requires. *See* United States v. Ruiz, 932 F.2d at 1180. The indictment was not insufficient for not including the words "aid" or "abet."

Secondly, Mr. Wilbourn says the indictment was insufficient because it didn't include what he calls the "willfulness language found in Title 18 U.S.C. Section 2." The aiding and abetting statute reads as follows: "(a) Whoever commits

4

an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, in punishable as a principal." 18 U.S.C. § 2. As already noted, the indictment need not specifically include the charge of aiding and abetting. It follows then, that Mr. Wilbourn cannot prevail by arguing the government should have more comprehensively charged him with aiding or abetting when the government had no obligation even to mention aiding or abetting in the indictment. *See* United States v. Ruiz, 932 F.2d at 1180 (because aiding and abetting isn't a separate crime, all indictments are to be read as if charges under 18 U.S.C. § 2 are included).

Even if Mr. Wilbourn were raising the absence of any "willfulness language" with respect to the bank robbery charge, 18 U.S.C. § 2113, against him—and his brief contains no such indication—he would not be entitled to relief. Where criminal activity alleged against the defendant is inherently and obviously wrong, there is no need to include words like "willfully" or "knowingly" in the indictment. *See* United States v. Donahue, 948 F.2d 438, 441 (6th Cir. 1991) ("absent a well-founded plea of insanity or coercion, neither of which is present here, it is inconceivable that anyone lacking criminal intent could commit armed bank robbery; the act itself, being inherently and essentially evil, demonstrates the criminal intent of the actor.").

5

No valid claim for ineffective assistance of counsel arises when an attorney does not object to a legally sufficient indictment. *See* United States v. Allender, 62 F.3d 909, 914-915 (7th Cir. 1995). Because the indictment against Mr. Wilbourn was legally sufficient, his trial counsel's decision not to challenge the indictment did not constitute ineffective assistance. Further, because any such challenge would have been futile, Mr. Wilbourn was in no way prejudiced by his trial counsel's decision not to object to the indictment. Mr. Wilbourn has shown neither ineffective assistance nor prejudice, so he is not entitled to relief based on his trial counsel's performance. *See* Strickland v. Washington, 466 U.S. at 687.

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Mr. Wilbourn next asserts that his appellate counsel was ineffective in three ways: (1) by not challenging the sufficiency of the indictment; (2) by not challenging the sufficiency of the evidence against him as to aiding and abetting on Counts 1 and 2; and (3) by not accepting assistance from Mr. Wilbourn, not raising issues suggested by him, and not furnishing him with transcripts so he could aid in his own defense. The court again applies the standards set forth in Strickland v. Washington, 466 U.S. at 687. Griffin v. United States, 109 F.3d 1217, 1219 (7th Cir. 1997).

The court already has dealt with the first of Mr. Wilbourn's appellate counsel claims. The indictment was sufficient, so Mr. Wilbourn's appellate counsel

6

was not ineffective by not challenging it, and there was no prejudice to Mr. Wilbourn.

His second claim is likewise without merit. He says his appellate counsel should have argued that the evidence presented at trial was insufficient to support the jury's verdict on the aiding and abetting charges against him. In Mr. Wilbourn's words: "Appellant counsel failed to present the issue of insufficient evidence to support defendants aiding and abetting convictions on count one and two as set forth above." From this language it appears that Mr. Wilbourn has no objection to the sufficiency of the evidence supporting his convictions as a principal on the substantive bank robbery and firearm charges contained in Counts 1 and 2. In any event, Mr. Wilbourn provides the court with no basis to think that challenging the sufficiency of the evidence would have been anything but futile.

Both co-defendants pleaded guilty to the crimes charged in Counts 1 and 2 of the indictment, and both testified against Mr. Wilbourn at his trial. The question the court must consider when a criminal defendant challenges the sufficiency of the evidence "is whether evidence exists from which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Proving that no such evidence exists presents a nearly insurmountable hurdle to the defendant." United States v. Hach, 162 F.3d 937, 942 (7th Cir. 1998) (citation and quotation omitted). Objecting to the sufficiency of the evidence at trial or on appeal would have been futile, so Mr. Wilbourn's

7

counsel wasn't ineffective for not raising this issue, and Mr. Wilbourn wasn't prejudiced.

Third, Mr. Wilbourn suggests that his appellate counsel didn't accept his assistance because his attorney didn't raise certain issues he suggested, and didn't furnish him with transcripts so he could aid in his own defense. He cites no authority for the proposition that his lawyer was legally required to furnish him with transcripts. Further, Mr. Wilbourn's repeated attempts to feign incompetence at the trial court could quite reasonably have led appellate counsel to conclude that providing transcripts to him would have been of little or no use. Mr. Wilbourn doesn't clearly identify which issues he suggested for appeal that his appellate counsel refused to take forward, but if they were the issues he has raised here in his petition—insufficiency of the indictment, insufficiency of the evidence (both discussed above), lack of federal jurisdiction, and erroneous application of the sentencing guidelines' career criminal provision (both discussed below)—they lack merit and provide no basis for relief. Additionally, the law does not require an attorney to advance every argument, regardless of merit, suggested by his client. Evitts v. Lucey, 469 U.S. 387, 394 (1985). Even assuming the facts alleged by Mr. Wilbourn are true, he hasn't shown that his appellate counsel was ineffective so is petition cannot be granted based on his appellate counsel's performance. Strickland v. Washington, 466 U.S. at 687.

PROSECUTORIAL MISCONDUCT — LACK OF FEDERAL JURISDICTION

Mr. Wilbourn's third category of allegations focuses on what his petition describes as "prosecutorial misconduct." He says the government's attorney omitted from the indictment an essential element of the charges against him, and made inflammatory statements about his co-defendants' guilt during opening statement at trial, all in violation of his Fifth Amendment rights to due process and equal protection of the law.[1] Mr. Wilbourn's brief makes no mention of any such "inflammatory statements," so the court treats this argument as abandoned (or at least waived for complete lack of development). *See* Leibforth v. Belvidere Nat'l Bank, 337 F.3d 931, 933 (7th Cir. 2003) (*citing* United States v. Hook, 195 F.3d 299, 310 (7th Cir. 1999)).

According to Mr. Wilbourn, the prosecutor omitted from the indictment allegations necessary to establish the nexus to interstate commerce that gives the United States government authority to prosecute him and gives this court jurisdiction to hear the case. *See* U.S. CONST. art. I, § 8, cl. 3. He says specifically that the prosecutor didn't include the definition of the word "bank," as found in 18 U.S.C. § 2113(f). The government actually prosecuted Mr. Wilbourn for robbing a "credit union," not a "bank," so the relevant definition is found in § 2113(g), but

---

[1] "Unlike the Fourteenth Amendment, the Fifth Amendment does not contain an Equal Protection Clause. However, the Fifth Amendment's Due Process Clause does contain an equal protection component applicable to the federal government. The scope of the equal protection guarantee under the Fifth Amendment is essentially the same as under the Fourteenth Amendment." Estate of Kunze v. Comm'r of Internal Revenue, 233 F.3d 948, 954 (7th Cir. 2000) (citations omitted).

9

this makes no difference to Mr. Wilbourn's argument. He says the omission of the statutory definition misled the grand jury to indict and the jury to convict.

Mr. Wilbourn cannot prevail on this argument for several reasons. The indictment charged him with robbing the "Community Wide Federal Credit Union . . . a Federal credit union." Describing the victim credit union as a "federal credit union" is sufficient to sustain the indictment. United States v. Sebetich, 776 F.2d 412, 426 (3d Cir. 1985) (failure to allege federal insurance explicitly is at most a technical deficiency and doesn't deprive a defendant of the important protection of the indictment process). The language of § 2113(g) itself states that "the term 'credit union' means any Federal credit union . . . insured by the National Credit Union Administration Board."

Though indictment can track more completely the statutory definition of "credit union," Mr. Wilbourn cannot plausibly argue that the indictment's description of Community Wide Federal Credit Union as "a Federal credit union," didn't give him adequate notice of the charges against him to enable him to prepare for trial. He has not shown a due process violation. *See* United States v. Westmoreland, 240 F.3d 618, 633 (7th Cir. 2001) (indictment must set forth elements of crime and apprise defendant of the charges to enable him to prepare for trial, but it is not necessary to spell out each element so long as all elements are present in context) (citations omitted). Finally, the jurors that convicted Mr. Wilbourn at trial were clearly instructed that the government must prove beyond a reasonable doubt that "at the time charged in the indictment, the Community

10

Wide Federal Credit Union had its deposits insured by the National Credit Union Administration." There was no prosecutorial misconduct; the indictment sufficiently notified Mr. Wilbourn of the federal nature of the charges against him; and his arguments to the contrary do not entitle him to relief.

VAGUENESS AND MISAPPLICATION OF "CAREER OFFENDER" PROVISION

In his final argument, Mr. Wilbourn says the sentencing guidelines' "career offender"provisions, U.S.S.G. §§ 4B1.1-2, were too vague to notify him that he was a career offender, and that the court misapplied the guidelines when it sentenced him as a career offender. The court construes this as a Fifth Amendment due process claim.

Mr. Wilbourn's vagueness argument focuses on the following definition of "crime of violence" found in U.S.S.G. § 4B1.2: "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against he person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." He contends this definition is impermissibly vague because it refers to "any offense under federal or state law," while other selected provisions of federal law refer to state or commonwealth or territorial law. Whatever the merits (if any) to this argument, they do not help Mr. Wilbourn succeed on his petition. The court sentenced him as a career offender based on

11

two prior violent felony convictions under state law, not for "commonwealth" or "territorial" convictions. His assertion that U.S.S.G. § 4B1.2(a) should have more clearly explained what was meant by the phrase "any offense under federal or state law" is not persuasive.

Mr. Wilbourn further contends that if the career offender guideline provisions are not void for vagueness, the court misapplied them when it determined he was a career offender. U.S.S.G. § 4B1.1 declares a defendant a career offender if three conditions are met: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Mr. Wilbourn doesn't dispute that he met the first two conditions: he was over 18 at the time of the January 18, 2000 robbery, and the forcible armed robbery was a violent felony. He says, however, that neither of his two prior felony convictions under Indiana law were crimes of violence within the meaning of U.S.S.G. § 4B1.2(a), so he doesn't meet the third requirement for career offender status.

The court based its finding that Mr. Wilbourn was a career offender on his Indiana state court convictions for residential burglary (class B felony), and for criminal recklessness (class D felony). Section 4B1.2(a) defines a "crime of violence" to include "burglary of a dwelling." "Enumerated crimes, like burglary of a dwelling, are conclusively 'crimes of violence' regardless of their circumstances."

12

United States v. Coleman, 38 F.3d 856, 859 (7th Cir. 1994). Mr. Wilbourn's felony conviction for residential burglary was a crime of violence under the meaning of § 4B1.2(a).

Section 4B1.2(a) also includes in its definition of "crime of violence" any federal or state crime that "involves conduct that presents a serious potential risk of physical injury to another." Mr. Wilbourn's felony conviction for criminal recklessness plainly fits this definition because the Indiana statute under which he was convicted defines criminal recklessness as "(1) an act that creates a substantial risk of bodily injury to another person; or (2) hazing." IND. CODE § 35-42-2-2(b). Under that same statute, an essential element of "hazing" is forcing or requiring another person "to perform an act that creates a substantial risk of bodily injury." IND. CODE § 35-42-2-2(a). So by its very own statutory definition "criminal recklessness" fits well within the guidelines' definition of a "crime of violence." The court did not err when it sentenced Mr. Wilbourn as a career offender under § 4B1.1.

CONCLUSION

For the reasons stated above Mr. Wilbourn's petition for a writ of habeas corpus does not raise any disputed factual issues, and does not entitle him to an evidentiary hearing or relief. His request for court-appointed counsel is also without merit in light of the relatively clear and cogent legal arguments set forth in his pro se filings. See Piggie v. Cotton, 342 F.3d 660, 664 (7th Cir. 2003) (no

13

right to counsel during habeas proceedings); DiAngelo v. Illinois Dep't of Pub. Aid, 891 F.2d 1260, 1262 (7th Cir. 1989) (courts appoint counsel only when cases are plausible, and the facts are difficult to assemble or the law is complex).

Accordingly, his motion for a hearing and for appointment of counsel [docket no. 129] is DENIED; and his petition for a writ of habeas corpus [docket no. 127] is DENIED. Because Mr. Wilbourn's petition didn't raise any disputed factual issues and no evidentiary hearing is necessary, his motions for discovery and to purchase court documents [docket nos. 131, 139, and 140] are DENIED AS MOOT.

SO ORDERED.

ENTERED:   April 18, 2005   

    /s/ Robert L. Miller, Jr.   
Chief Judge  
United States District Court

cc:   A. Wilbourn  
      D. Schmid