UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANTHONY WILBOURN | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:04-CV-474 RM |
| | ) | (Arising from 3:01-CR-64(01) RM) |
| UNITED STATES OF AMERICA | ) | |

OPINION and ORDER

At the close of the second day of Anthony Wilbourn's May 2002 trial, the jury found him guilty of armed bank robbery (Count 1) and brandishing a firearm in furtherance of a crime of violence (Count 2). The court decided at sentencing that Mr. Wilbourn was a career offender under the sentencing guidelines, U.S.S.G. §§ 4B1.1, 4B1.2, based on his Indiana convictions for residential burglary and criminal recklessness, and sentenced him on August 20, 2002 to consecutive terms of imprisonment of 300 months on Count 1 and 84 months on Count 2. His conviction and sentence were affirmed on appeal. United States v. Wilbourn, 336 F.3d 558 (7th Cir. 2003).

Mr. Wilbourn filed a petition under 28 U.S.C. § 2255 in July 2004; after briefing, the court denied his petition on April 18, 2005. Mr. Wilbourn filed an appeal, but the court of appeals denied his request for a certificate of appealability and dismissed his appeal in November 2005. Mr. Wilbourn's petition for rehearing was denied the next month. In April 2007, Mr. Wilbourn asked this court to reopen briefing on his § 2255 petition and allow him to amend his petition. The court denied his request, along with his additional request that his trial counsel

be compelled to file a writ of certiorari for review of his underlying criminal conviction. Mr. Wilbourn then filed a second petition under 28 U.S.C. § 2255, and the court of appeals denied his request to file that successive petition on July 10, 2008.

Mr. Wilbourn is now before the court asking that the April 18, 2005 order denying his original § 2255 petition be set aside pursuant to Federal Rule of Civil Procedure 60(b)(6) and the decisions in Begay v. United States, 553 U.S. 137 (2008), and United States v. Smith, 544 F.3d 781 (7th Cir. 2008). According to Mr. Wilbourn, his sentence should be modified because his previous conviction for criminal recklessness no longer qualifies as a "crime of violence" that would render him a career offender for sentencing purposes. He maintains that that significant change in the law amounts to the "extraordinary circumstance" necessary to justify relief under Federal Rule of Civil Procedure 60(b)(6).

Federal Rule of Civil Procedure 60(b) "regulates the procedure for obtaining relief from final judgments," Arrieta v. Battaglia, 461 F.3d 861, 864 (7th Cir. 2006), and is applicable to habeas cases. *See* Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts; Gonzalez v. Crosby, 545 U.S. 524, 534 (2005) ("Rule 60(b) has an unquestionably valid role to play in habeas cases."). Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." United States v. 8136 S. Dobson St., Chicago, Ill., 125 F.3d 1076, 1082 (7th Cir. 1997) (*quoting* Dickerson v. Board

pf Educ., 32 F.3d 1114, 1116 (7th Cir. 1994)). "Such circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

Motions brought under Rule 60(b)(6) seeking relief from a judgment based on a change in the law, *i.e.*, a "reason that justifies relief" from the previous denial of a claim, must be made "within a reasonable time." FED. R. CIV. P. 60(c)(1). Mr. Wilbourn filed this motion almost five years after the denial of his first § 2255 petition became final and more than two years after issuance of the decisions in Begay v. United States (on April 16, 2008) and United States v. Smith (on September 12, 2008). The government argues that Mr. Wilbourn's motion is untimely, citing the decisions in Ramsey v. Walker, 304 Fed. App'x 827, 829 (11th Cir. 2008), in which a Rule 60(b)(6) motion filed two years after the cases upon which it relied was denied as untimely, and Moolenaar v. Government of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987), in which a Rule 60(b)(6) motion filed two years after the judgment sought to be reopened was denied as untimely. *See also* In re Garcia, Bankr. No. 05-40106, 2010 WL 3187590 (Bankr. S.D. Tex. Aug. 11, 2010) (two-and-a-half year delay unreasonable); Johnson v. United States, No. 01-CV-306, 2010 WL 669817 (C.D. Ill. Feb. 22, 2010) (six-year delay in filing motion held unreasonable). Mr. Wilbourn hasn't addressed the issue of timeliness, nor has he offered any explanation for his two year delay in filing his motion. *See* Canales v. A.H.R.E., Inc., 254 F.R.D. 1, 13 (D.D.C. 2008) ("in determining whether relief is appropriate under Rule 60(b)(6), the party seeking such relief must demonstrate that he or she was faultless in the delay").

Mr. Wilbourn's claim that the guidelines have been misapplied in his case isn't a challenge to the jurisdiction of the court or a claim that his sentence exceeds the statutory maximum, and "deviations from the Sentencing Guidelines generally are not cognizable on a § 2255 motion," absent a showing of a complete miscarriage of justice. Welch v. United States, 604 F.3d 408, 412 (7th Cir. 2010); *see also* Taylor v. Gilkey, 314 F.3d 832, 833 (7th Cir. 2002) ("the [Sentencing] Guidelines are not 'laws' for purposes of § 2255"); Holman v. United States, No. 03-CV-4226, 2006 WL 2038547, at *6 (S.D. Ill. July 19, 2006) ("As long as a defendant's sentence is within the sentencing range provided by the statute of the offense, sentencing guideline calculation errors are nonconstitutional and are not reviewable in § 2255 proceedings."). Mr. Wilbourn hasn't made that showing. Even though his underlying criminal recklessness conviction no longer qualifies as a violent felony for career offender purposes, his convictions for armed bank robbery and brandishing a firearm in furtherance of a crime of violence remain unaffected, so, contrary to Mr. Wilbourn's assertion, a claim of "actual innocence" is unavailable to him. *See* Welch v. United States, 604 F.3d 408, 414-415 (7th Cir. 2010) ("[A]lthough *Begay* narrowed the scope of a criminal statute, it did not narrow any of the elements of a criminal offense. . . . Mr. Welch was convicted of, and punished for, unlawfully possessing a firearm, which is still criminal conduct after *Begay*.").

Mr. Wilbourn hasn't demonstrated that his Rule 60(b) motion was brought within a "reasonable time" or established an "exceptional circumstance" that would

justify setting aside the judgment in his initial § 2255 petition, especially since his sentence doesn't exceed the statutory maximum for his offenses of conviction. *See* Santiago-Lugo v. Warden, FCC Coleman, No. 09-12775, 2010 WL 3033619, at *1 (11th Cir. Aug. 4, 2010) ("something more than a 'mere' change in the law is necessary to provide the grounds for Rule 60(b)(6) relief"). The court DENIES Mr. Wilbourn's motion to vacate or set aside the April 18, 2005 denial of his § 2255 petition [docket # 180].

SO ORDERED.

ENTERED:   November 2, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: A. Wilbourn
    D. Schmid